T.C. Summary Opinion 2011-80

UNITED STATES TAX COURT

THOMAS ALEXANDER PAYAN AND SUSAN LORRAINE PAYAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1004-10S.                    Filed July 5, 2011.

Thomas Alexander Payan and Susan Lorraine Payan, pro sese.

<u>Sarah E. Sexton</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined a deficiency of $16,119 in their 2006 Federal income tax as well as a section 6662(a) accuracy-related penalty of $2,681.[1]  After concessions,[2] the issues for decision are whether petitioners:  (1) Are entitled to deduct business expenses reported on Schedules C, Profit or Loss From Business; (2) had unreported income from rents received; (3) are entitled to deduct certain Schedule E expenses; and (4) are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference.  Petitioners resided in California when they filed their petition.

In 2006 petitioners were both full-time employees-- petitioner as a loan officer with E Loan and U.S. Bank and petitioner husband with Pacific Gas & Electric.

---

[1]All figures are rounded to the nearest dollar.

[2]Petitioners conceded that petitioner wife (petitioner) received unreported wages of $32,746 from Popular Financial Management and that they were not entitled to depreciation of $22 claimed on Schedule E, Supplemental Income and Loss.

In 2006 petitioners purchased property in Las Vegas, Nevada (the condo). Petitioners intended to rent the condo and engaged a property management company to oversee it.

Petitioners timely filed their 2006 Federal income tax return. Petitioners provided an accountant with tax documents and information for the preparation of the return. After the accountant prepared the return, petitioners signed it. Included with their return was a Schedule C for Mary Kay products (Schedule C-1) and a Schedule C for the collection and sale of sports memorabilia by Tappers Collectibles (Schedule C-2). On Schedule C-1 petitioners deducted business expenses of $15,362. On Schedule C-2 petitioners deducted business expenses of $22,476. Petitioners also included a Schedule E with their return on which they reported no income and deducted expenses of $14,940.

Respondent disallowed all of the business expense deductions on Schedule C-1 and all of the business expense deductions on Schedule C-2. Respondent also included $5,550 of Schedule E rental income and disallowed $1,209 of Schedule E expenses. Additionally, respondent determined that petitioners are liable for a section 6662(a) accuracy-related penalty of $2,681 for a substantial understatement of income tax.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner[3] did not argue or present evidence that she satisfied the requirements of section 7491(a). Therefore, petitioner bears the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner's return was audited by a tax compliance officer (TCO) in respondent's Stockton, California, office. During the TCO's "pre-contact analysis" of petitioners' return, she noted

---

[3]Petitioner husband signed the petition, the stipulation of facts, the supplemental stipulation of facts, and the stipulation of settled issues but was not present at trial.

the lack of reported income from petitioners' Schedule C activities. Respondent sent petitioners a letter inviting them to come into the Stockton office to discuss their return. Petitioners made three appointments, including one by the accountant who prepared petitioners' return, but they did not go to the Stockton office for any of the scheduled appointments. The accountant did mail information to the TCO, which included a letter from the property management company and a statement listing the expenses of the condo that included "Rents received" of $5,550.

Petitioners' Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, family, or living expenses. See sec. 262. The taxpayer must show that any deducted business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his or her business, and there must have been a proximate relationship between the deducted expenses and the business. See Walliser v. Commissioner, supra at 437.

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).  However, certain business expenses are subject to more stringent substantiation requirements and no estimation may be made.  See sec. 274(d).

Petitioner entered into evidence account statements from her banks, credit cards, and phone carrier to substantiate many of the expenses deducted on the Schedules C.[4]  None of the account statements explained petitioner's purchases beyond the name of the business to which payments were made and the amount petitioner spent.  Petitioner offered no details about her

---

[4]Petitioner provided no evidence to substantiate the car and truck expenses deducted on either Schedule C.

purchases or how they related to expenses for either of the Schedule C businesses through her testimony. Although there might be needles of substantiating documents in the several exhibits admitted into evidence, for the most part those needles are effectively obscured by the haystacks of exhibits in which they are buried.

Petitioner has failed to substantiate any of her deducted Schedule C expenses and has not provided a basis upon which the Court could estimate those expenses that can be estimated. See Cohan v. Commissioner, supra; Vanicek v. Commissioner, supra. Therefore, respondent's determination to disallow all of petitioner's section 162 expenses deducted on Schedule C-1 and Schedule C-2 is sustained.

Petitioners' Unreported Schedule E Income

Gross income includes all income from whatever source derived. Sec. 61(a). Rents are specifically included as an item of gross income. Sec. 61(a)(5).

A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, and the Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or in part. Rule 91(e); cf. Jasionowski v. Commissioner, 66. T.C. 312, 318 (1976) (stipulated facts are not lightly disregarded, but the Court will

not be bound by the stipulation where such facts are clearly contrary to facts disclosed by the record).

Exhibit 29-J, attached to the supplemental stipulation of facts, is a statement from the property management company that details expenses for the condo. The statement lists rents received of $5,550. Petitioner, through her accountant, provided this information to the TCO. Although petitioner testified that she did not receive any rent payments from the property management company, she offered no alternative explanation for what the $5,550 could be.

Petitioner has not given the Court any reasons it should not accept as an admitted fact that petitioner received $5,550 from renting the condo. Respondent's determination that petitioner received unreported rental income is sustained.

Petitioners' Schedule E Expenses

Section 212 allows for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income. Petitioners deducted $14,940 of expenses on their Schedule E. Respondent allowed $13,731 of the deducted expenses. Petitioner provided evidence of some of the expenses paid in relation to the condo. It is unclear from the record whether the substantiation petitioner provided was for expenses respondent allowed or expenses respondent disallowed.

Petitioner has failed to prove that respondent's determination to disallow Schedule E expenses of $1,209 was in error. Thus, respondent's determination is sustained.

Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is attributable to a substantial understatement of income tax.[5] An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate. See sec. 6662(d)(2)(A). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or, in the case of an individual, $5,000. See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. Sec. 7491(c). In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once that burden is met, the taxpayer bears the burden of proving that the accuracy-

---

[5]The Court need not determine whether petitioners are liable for the accuracy-related penalty due to negligence.

related penalty does not apply because of reasonable cause, substantial authority, or the like. Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449. Respondent has met his burden of production for an accuracy-related penalty based on a substantial understatement of tax because petitioners' understatement of tax exceeds $5,000.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

The taxpayer's reliance on the advice of a professional, such as an accountant, is examined to determine reasonable cause and good faith. Id. To justify reliance the taxpayer must show that he or she supplied the adviser with accurate information. Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002). "Even if all data is furnished to the preparer, the taxpayer still has a duty to read the return and make sure all income items are included." Magill v. Commissioner, 70 T.C. 465, 479-480, affd. 651 F.2d 1233 (6th Cir. 1981); see also Bailey v. Commissioner, 21 T.C. 678 (1954)

("The duty of filing accurate returns cannot be avoided by placing responsibility upon an agent. The fact that petitioner told the person who made up the partnership return about the sale of leasehold interests * * * cannot excuse his failure to read the return and ascertain the inclusion of this item."). The taxpayer need not duplicate the work of her return preparer but must exert a reasonable effort to ensure that all items of income are included on the return. See Woodsum v. Commissioner, 136 T.C. __, __ (2011) (slip op. at 18).

Petitioner testified that she gave an accountant all of the documentation necessary to prepare the couple's joint Federal tax return and that she did not understand how or why the accountant neglected to include the $32,746 of wages from Popular Financial Management. She further testified that after the return was prepared she and her husband signed it without review.

Petitioner cannot rely upon her accountant to avoid the accuracy-related penalty when she failed to review the return to ascertain that all items of income were included. Even if the accountant had inadvertently omitted the $32,746 of wage income and the $5,550 of rental income from petitioners' return, a cursory review would have alerted petitioners to the absence of over 30 percent of the total wages that should have been reported on the return.

Petitioner has failed to demonstrate that she acted with reasonable cause and in good faith in failing to report wage and rental income and in substantiating her Schedule C and Schedule E expenses.  Accordingly, respondent's determination of the accuracy-related penalty is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.